UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Diana Lee Wallach Lorretz,<br><br>            Plaintiff,<br>v.<br><br>U.S.A. Government<br>includes FBI, SSA, Surgeon General, Dept. of<br>Defense, Homeland Security, United States<br>Coast Guard, All the Presidents in My<br>Lifetime since Harry S. Truman Started It and<br>Hired Nazis to Watch and Dept. of Ed., Law<br>Enforcement, Dept. of State,<br><br>            Defendants. | Civil No. 12cv0944 AJB<br><br>**Order Denying Renewed Motion to**<br>**Proceed In Forma Pauperis, Dismissing**<br>**First Amended Complaint for Failure to**<br>**State a Claim**<br><br>[Doc. No. 5] |

      On April 17, 2012, the Plaintiff, Diana Lee Wallach Lorretz, a non-prisoner proceeding *pro se*, commenced this action against the United States Government, including the Federal Bureau of Investigation ("FBI"), Social Security Administration ("SSA"), Surgeon General, Department of Defense, Homeland Security, United States Coast Guard, all of the Presidents in Plaintiff's lifetime since Harry S. Truman started it and hired Nazis to watch and Department of Education, Law Enforcement, and the Department of State.  Plaintiff moved to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) and argued that an appointment of counsel is required pursuant to 28 U.S.C. § 1915(e)(1). On April 18, 2012, this Court denied Plaintiff's motions and dismissed Plaintiff's Complaint for failure to state a claim. On April 30, 2012, the Plaintiff filed her First Amended Complaint ("FAC").

For the reasons set forth below, the Court finds Plaintiff's renewed motion to proceed IFP insufficient and sua sponte **DISMISSES** Plaintiff's FAC for failure to state a claim.

### I.     Motion to Proceed In Forma Pauperis

When a plaintiff moves to proceed IFP, the court first "grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint" pursuant to § 1915(e)(2). *Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). Plaintiff originally submitted an affidavit in support of the IFP motion indicating that she was unemployed, she received $952 per month in Social Security Survivor benefits, and had a checking account with $3000 plus dollars and a savings account with $200 plus dollars. Thus, this Court found that Plaintiff did not meet the § 1915(a) requirements and denied Plaintiff's motion to proceed IFP.

In Plaintiff's FAC she includes a sentence that indicates her financial status has changed to $1 in her savings and $1 in her checking. Plaintiff has failed to submit an affidavit which includes a statement of all assets as required by § 1915(a). Accordingly, the Court finds that Plaintiff does not meets the § 1915(a) requirements and **DENIES** Plaintiff's motion to proceed IFP.

### II.    Sua Sponte Dismissal for Failure to State a Claim

The FAC does not state a specific claim on which relief may be granted.  A court may dismiss the case at any time if it determines the plaintiff failed to state a claim on which relief may be granted pursuant to § 1915(e)(2). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Id*.  A court will deny any motion that fails to present a legal and factual basis. *Id*.

In Plaintiff's original Complaint she failed to state facts against each defendant who allegedly violated her rights and she refused to provide the facts supporting her claims at that time. As a result, this Court dismissed Plaintiff's Complaint for failure to state a claim. In the FAC, the Plaintiff asked for relief from the United States Government in the amount of twelve billion dollars. In the Complaint Plaintiff alleges, among other things, that defendants "use drugs and put them into plaintiff" and publish fictional records and books about her. *Pl.'s Am. Compl.* 1, Doc. No. 5. The FAC also contends that the FBI "tell[s] plaintiff where to go" and that newspapers report her "contacts." *Id.* at 2.  The FAC once

again fails to state a cognizable claim on which relief can be granted. Plaintiff's vague allegations that Defendants tell her where to go, put drugs in her, and write fictional records and books about her fails to allege specific constitutional or civil rights violations. As a result, Plaintiff has not presented a sufficient basis for a cognizable claim on which relief may be granted. Pursuant to § 1915(e)(2), the Court **DISMISSES** the Complaint *without prejudice* for failure to state a claim.

### III. Conclusion

For the reasons set forth above, the Court **DENIES** Plaintiff's renewed motion to proceed IFP and **DISMISSES** the FAC without prejudice for failure to state a claim. The Plaintiff has thirty (30) days to submit a Second Amended Complaint correcting the deficiencies noted herein. Failure to do so will result in the Court's dismissal of this case.

**IT IS SO ORDERED.**

DATED: May 31, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge